WHATLEY, Judge.
Tammy Patrice Waring appeals a final summary judgment entered in favor of the plaintiff, Nationwide Mutual Fire Insurance Company. This case arises out of an automobile accident involving Waring and Nationwide’s insureds, Herbert and Shirley Aruz. Pursuant to the Aruzes’ uninsured motorist coverage, Nationwide paid them $18,500 and thereafter filed suit against Waring seeking subrogation. The trial court granted Nationwide’s motion for summary judgment and ordered Waring to pay Nationwide $18,500, along with court costs and prejudgment interest.
We conclude that the trial court correctly granted summary judgment in favor of Nationwide as to liability, as Nationwide established Waring’s negligence as the rear driver in the rear-end collision. See Clampitt v. D.J. Spencer Sales, 786 So.2d 570 (Fla.2001). However, we are required to reverse because the trial court erred in entering summary judgment as to damages.
Review of a summary judgment is de novo, requiring a two-pronged analysis. First, a summary judgment is proper only if there is no genuine issue of material fact, viewing every possible inference in favor of the party against whom summary judgment has been entered. Second, if there is no genuine issue of material fact, a summary judgment is proper only if the moving party is entitled to a judgment as a matter of law.
Poe v. IMC Phosphates MP, Inc., 885 So.2d 397, 400-01 (Fla. 2d DCA 2004) (citations omitted).
Viewing every possible inference in favor of Waring, this court has determined that there remained genuine issues of material fact as to the amount of damages attributable to the accident. Nationwide filed an affidavit in support of its motion for summary judgment in which a representative of Nationwide testified that the company paid the Aruzes $18,500 pursuant to the policy of insurance. Attached to the affidavit is a page listing checks Nationwide paid for this claim and the list includes the check to the Aruzes for this amount.
In opposing summary judgment, Waring argued that the affidavit showed only that a payment was made to the Aruzes and that such evidence was insufficient to establish either the amount of damages or that her negligence was the cause of these *1209 damages. We agree. Nationwide did not establish what damages the check was intended to cover, much less that such damages were related to the accident. The burden was on Nationwide to prove that there were no genuine issues of material fact, and such burden did not shift to Waring unless Nationwide successfully met its burden. See Holl v. Talcott, 191 So.2d 40, 43-44 (Fla.1966). Because Nationwide did not establish that there were no genuine issues of material fact and that it was entitled to a judgment as a matter of law, the trial court erred in entering summary judgment as to damages.
Accordingly, we affirm the summary judgment as to liability but reverse and remand for the trial court to determine the appropriate amount of damages. As a result of the reversal, Waring’s argument regarding prejudgment interest is moot.
ALTENBERND and CASANUEVA, JJ., Concur.